**Shinda Singh BEDESHA, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 04–0977–AG.

United States Court of Appeals, Second Circuit.

Nov. 2, 2006.

Shinda Singh Bedesha, pro se, Corona, NY, for Petitioner.

Leah A. Bynon, Assistant United States Attorney (Christopher J. Christie, United States Attorney, on the brief), Newark, NJ, for Respondent.

Present: RICHARD J. CARDAMONE, JOHN M. WALKER, JR., CHESTER J. STRAUB, Circuit Judges.

## SUMMARY ORDER

AFTER SUBMISSION AND UPON DUE CONSIDERATION of this petition for review of the decision of the Board of Immigration Appeals ("BIA"), IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the petition is GRANTED in part and DISMISSED in part, the BIA's decision is VACATED in part, and the case is REMANDED in part to the BIA for further proceedings in accordance with this decision.

Shinda Singh Bedesha seeks review of a January 26, 2004 decision by the BIA, affirming Immigration Judge ("IJ") Paul J. Johnston's denial of his claims for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Bedesha*, No. A72 142 078 (B.I.A. Jan. 26, 2004), *aff'g* No. A72 142 078 (Im-

mig. Ct. N.Y. City Sept. 13, 2002). We assume the parties' familiarity with the facts, procedural context, and issues on appeal.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003. 1(e)(4), this Court reviews the IJ's decision as the final agency determination. *Ming Xia Chen v. BIA,* 435 F.3d 141, 144 (2d Cir. 2006); *Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the IJ's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). "Under this standard, a finding will stand if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003) (quoting *Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000)). However, we will vacate and remand for new findings if the agency's reasoning or its factfinding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 401, 406 (2d Cir. 2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 128–29 (2d Cir.2004). We review questions of law and the application of legal principles to undisputed facts *de novo. Islami v. Gonzales,* 412 F.3d 391, 396 (2d Cir.2005); *Secaida–Rosales,* 331 F.3d at 307.

▇ In his decision, the IJ noted that Bedesha had not produced any letters or affidavits from family or fellow party members corroborating his claim of arrest, detention, and abuse. The IJ then concluded: "As there is so little evidence, I have nothing specific which would cause me to doubt the respondent's credibility. The converse is equally true, there is little to go on to say I believe he is credible. However, it is the respondent's burden of proof, and in the absence of any evidence other than his brief and conclusory [sic] I find that he has not met his burden to establish the events occurred."

When deciding a claim for asylum and related relief, an IJ must first determine whether an applicant is credible and then assess whether the applicant has met his or her burden of proof. *Diallo,* 232 F.3d at 290. Here, the IJ skipped over the first step of the inquiry entirely: Although the IJ noted that Bedesha's testimony "was not particularly detailed" and "rather brief," he made no explicit findings about the plausibility or consistency of Bedesha's story, nor did he identify any "specific, cogent" reasons for discounting Bedesha's testimony. *Secaida–Rosales,* 331 F.3d at 307; *see Diallo,* 232 F.3d at 287–88 ("As the BIA has correctly observed, '[a] failure of proof is not a proper ground *per se* for an adverse credibility determination. The latter finding is more appropriately based upon inconsistent statements, contradictory evidence, and inherently improbable testimony.'" (alteration in original) (citation omitted)); *cf. Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 151–52 (2d Cir.2003) (distinguishing fatally "vague" testimony from spare testimony, and suggesting that in the latter situation an IJ "probe for incidental details, seeking to draw out inconsistencies that would support a finding of lack of credibility"). Proceeding directly to the second step, the IJ summarily concluded that Bedesha had failed to carry his burden of proof because he had not provided any specific documentary corroboration of his claims.

This Court has previously recognized that the presence or absence of corroboration is a relevant factor that may be considered in determining an applicant's credibility, as well as in deciding whether the applicant has met his or her burden of proof. *Diallo,* 232 F.3d at 290. At the same time, "the precedent of the BIA and

of this court would sustain a petition for asylum or withholding of deportation based on credible testimony alone, or, by extension, credible testimony combined with convincing explanations for lack of corroboration." *Id.* at 287. Here, the IJ failed to make any credibility determination, thereby depriving Bedesha of the potential benefit of this rule.[1] *See id.* Because the IJ neglected to address Bedesha's credibility and failed to comply with the requirements of our case law, we cannot uphold the IJ's decision to deny relief for lack of sufficient corroboration. *See id.* (stating that the agency's "failure to make a credibility assessment" in the first step "frustrates appellate review" of the denial of asylum on the basis of insufficient corroboration).

■ In the alternative, the IJ found that even assuming that Bedesha's account of his detentions was credible, the abuse he experienced did not amount to past persecution because governmental investigation and prosecution of criminal acts do not constitute persecution. The IJ's finding is not supported by substantial evidence: While it is true that valid criminal prosecution does not constitute persecution, *see Saleh v. U.S. Dep't of Justice*, 962 F.2d 234, 239 (2d Cir.1992), there is no evidence in the record indicating that Bedesha ever engaged in criminal activity or that he was validly sought for such offense. Indeed, when asked about the circumstances surrounding his arrests, Bedesha testified that he was put in jail because he was participating in a party meeting "to discuss various strategies as to how to go about getting our rights that were guaranteed in the Constitution," and that he was never "taken to any Court in front of any Judge or Magistrate."

■ The IJ rejected Bedesha's claim of past persecution on the further ground that it is not persecution for the government to outlaw a group believed to advocate or practice terrorism, or, more specifically, for the Punjabi police to detain or mistreat Sikhs in order to obtain information regarding Sikh militants seeking to overthrow the government. This finding, too, lacks substantial evidence in the record. Bedesha testified that at the time of his arrests in 1979 and 1981, he was a member of the branch of the Akali Dal party led by Sant Harchand Singh Longawal. Bedesha stated that he engaged in activities "[t]o educate the general population of [his] state about the rights that they have and were not being given," such as "the water and electricity problem," and that he never engaged in any terrorist

---

1. If, in the first step, the IJ finds the applicant to be credible, the second step is "decide whether additional corroboration is nonetheless required to meet [the] burden of proof." *Diallo*, 232 F.3d at 290. Before denying relief to an otherwise credible applicant due to insufficient corroboration, however, the agency "should explain, specifically, either in its decision or otherwise in the record: (1) why it is reasonable under the BIA's standards to expect such corroboration; and (2) why [the applicant's] proffered explanations for the lack of such corroboration are insufficient." *Id.; see also id.* at 288 (explaining that under the BIA's standards, "specific documentary corroboration is required only for 'material facts which are central to [the applicant's]

claim and easily subject to verification, such as evidence of his or her place of birth, media accounts of large demonstrations, evidence of a publicly held office, or documentation of medical treatment' " (quoting *In re S–M–J*, 21 I. & N. Dec. 722, 725 (B.I.A.1997) (alteration in original))). A failure to identify specific missing documents and show why they were reasonably available deprives an applicant "of the potential opportunity ... to meet his burden of proof 'by offering a believable and sufficient explanation as to why such corroborating evidence was not presented.' " *Alvarado–Carillo v. INS*, 251 F.3d 44, 54–55 (2d Cir.2001) (quoting *Diallo*, 232 F.3d at 288–89).

acts. Nothing in Bedesha's testimony indicates that the reason for his arrests was to obtain information about the activities of Sikh separatists or militants. Furthermore, neither the Department of State Asylum Profile for India for 1998 nor any other of the materials in the record describes the Akali Dal political party, or the particular branch to which Bedesha belonged, as a terrorist group. In fact, according to the 1991 Asia Watch Report on India, Longowal was assassinated by Sikh extremists in 1985, shortly after he signed a peaceful accord with then-Prime Minister Rajiv Gandhi.

■ Finally, the IJ found that Bedesha had not established past persecution because he failed to testify to the specifics of the abuse he suffered. The record reflects, however, that Bedesha specifically testified that he was beaten and verbally abused during his first detention, and verbally abused, stoned, and punched during his second detention. The IJ was therefore unreasonable in finding that Bedesha's testimony regarding the beatings was insufficient to establish what actually happened to him. In sum, because the IJ's determination that Bedesha failed to establish past persecution is not supported by the record, his placement of the burden of establishing well-founded fear upon Bedesha was legally erroneous. *See* 8 C.F.R. § 1208.13(b)(1); *see Jin Shui Qiu,* 329 F.3d at 148.

■ Bedesha also challenges the IJ's denial of CAT relief in his brief to this Court. However, because he did not present this challenge before the BIA, he has not properly exhausted all administrative remedies, and this Court lacks jurisdiction to review the claim. 8 U.S.C. § 1252(d)(1); *Gill v. INS,* 420 F.3d 82, 86 (2d Cir.2005). We therefore dismiss Bedesha's petition for relief on the CAT claim.

For the foregoing reasons, the petition is DISMISSED in part and GRANTED in part, the BIA's decision is VACATED in part, and the case is REMANDED in part for further proceedings consistent with this decision. Having completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.